UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| GLADYS ECHEGOYEN, | Civil Action No. 15-6382 (KM) (MAH) |
| Plaintiff, | |
| v. | ORDER |
| U.S. STANDARD HOLDINGS TRUST LLC, et al., | |
| Defendants. | |

This matter having come before the Court by way of a motion to set aside the entry of default by Defendants U.S. Standard Holdings Trust, LLC d/b/a Standard Holdings Management, LLC, Standard Holdings Management, LLC, Standard Holdings Realty Group LLC and Andres Garcia, D.E. 82;

and Plaintiff having opposed the motion, D.E. 87;

and the Honorable Kevin McNulty, United States District Judge, having referred the matter to the Undersigned;[1]

and the Court having considered the parties' submissions, the record, and the applicable law;

and the Court deciding the motion without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1;

---

[1] A magistrate judge has the authority to set aside an entry of default, as it is not dispositive. *See Home Box Office, Inc. v. Tel-A-View Elecs., Corp.*, 86-1491, 1986 WL 12768, at *1 (E.D. Pa. Nov. 7, 1986) (rejecting contention "that the clerk's entry of default is dispositive" and noting that "[a]n entry of default is not a default judgment").

and Federal Rule of Civil Procedure 55(c) providing that "[t]he court may set aside an entry of default for good cause, and it may set aside a default judgment under Rule 60(b);"

and a decision to set aside an entry of default being primarily left to a court's own sound discretion, *see United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 194 (3d Cir. 1984) (citing *Tozer v. Charles A. Krause Milling Co.*, 189 F.2d 242, 244 (3d Cir. 1951));

and courts disfavoring default because "the interests of justice are best served by obtaining a decision on the merits." *Choice Hotels Int'l, Inc. v. Pennave Assocs., Inc.*, 192 F.R.D. 171, 173 (E.D. Pa. 2000); *see also $55,518.05 in U.S. Currency*, 728 F.2d at 194-95 ("We require doubtful cases to be resolved in favor of the party moving to set aside the default judgment 'so that cases may be decided on their merits.'");

and the Third Circuit indicating that the standard for setting aside a default is less stringent than setting aside a default judgment, *Feliciano v. Reliant Tooling Co.*, 691 F.2d 653, 656-57 (3d Cir. 1982) (stating that "[t]here is a distinction between a default standing alone and a default judgment," and "[l]ess substantial grounds may be adequate for setting aside a default than would be required for opening a judgment"); *accord Mettle v. First Union Nat'l Bank*, 279 F. Supp. 2d 598, 601 (D.N.J. 2003);

and the Third Circuit requiring that courts consider four factors when deciding to vacate the entry of default: (1) whether lifting the default would prejudice the plaintiff; (2) whether the defendant has a prima facie meritorious defense; (3) whether the defaulting defendant's conduct is excusable or culpable; and (4) the effectiveness of alternative sanctions. *Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 73 (3d Cir. 1987);

and, even though courts weigh all four factors, the threshold question is generally whether the defendant asserts a meritorious defense; *see 55,518.05 in U.S. Currency*, 728 F.2d at

195;

and the Court finding that Defendants have each asserted a meritorious defense;[2]

and the Court also finding that vacating the Clerk's entry of default will not prejudice Plaintiff;[3]

---

[2] Whether a defendant asserts a meritorious defense is traditionally the most important factor. *See Paris v. Pennsauken Sch. Dist.*, No. 12-7355 (NLH/JS), 2013 WL 4047638, at *2 (D.N.J. Aug. 9, 2013). A meritorious defense requires more than a mere denial of the claims; indeed, a defendant must "set forth with some specificity the grounds for his defense." *Harad v. Aetna Casualty & Surety Co.*, 839 F.2d 979, 982 (3d Cir. 1988). Typically, a party establishes a meritorious defense where "allegations of defendant's answer, if established on trial, would constitute a complete defense to the action." *Tozer*, 189 F.2d at 244; *see also World Entm't Inc. v. Brown*, 487 F. App'x 758, 761 (3d Cir. 2012). However, the Court is not required to resolve legal issues. *See Emcasco*, 834 F.2d at 74. Rather, a proffered defense is sufficient if it is not facially unmeritorious. *See id.*

In this case, Plaintiff seeks damages against Defendants because she claims that Defendants failed to pay her minimum and overtime wages, and denied her commissions, in violation of the FLSA and New Jersey law. *See* Compl., Aug. 24, 2015, D.E. 1, at ¶¶ 64-89. She also contends that, in violation of the New Jersey Conscientious Employee Protection Act, she was constructively discharged when Defendants stripped her of many of her duties and responsibilities because she complained to Defendants about their failure to pay her commissions, at the appropriate rates, and for overtime hours. *Id.* at ¶¶ 90-94.

In response, Defendants dispute, *inter alia*, that they are employers within the meaning of the statutes pursuant to which Plaintiff brings her claims. Answer, March 2, 2016, D.E. 17, Affirmative Defenses, ¶ 9. Defendants also contend that Plaintiff's claims are barred by the applicable statutes of limitations, Plaintiff's unsatisfactory work performance and because Plaintiff fraudulently misrepresents the number of hours she worked. *Id.* at ¶¶ 10-12.

The Court need not make a finding on the merits of the defenses asserted by Defendants. *See Addison v. Reitman Blacktop, Inc.*, 272 F.R.D. 72, 81 (E.D.N.Y. 2010). Accordingly, the Court takes no position as to whether Defendants' defenses will ultimately succeed. However, these defenses could constitute a complete defense to some or all of the claims and counts asserted against Defendants.

[3] Courts have explained that "[p]rejudice only accrues due to a loss of available evidence, increased potential for fraud or collusion, or substantial reliance upon the judgment." *See Paris*, 2013 WL 4047638, at *3. Prejudice does not exist here for two reasons. First, Plaintiff has, herself, delayed this matter over and over. For example, Plaintiff sought no fewer than seven extensions of time in which to file a motion for default judgment. *See* Orders granting extensions to file motions for default judgment, D.E. 58, 61, 63, 65, 67, 69, 71. Second, on February 14, 2016, this Court conducted a telephone conference with Plaintiff and Defendants to

and the Court further finding that Defendants' failure to respond was neither willful nor in bad faith;[4]

and the Court finding that it need not impose alternative sanctions;[5]

and therefore the Court concluding that good cause exists to set aside the entry of default;

---

discuss whether Plaintiff would stipulate to vacating the December 16, 2015 entry of default. Upon conclusion of the telephone conference, this Court entered an Order, directing the parties to meet and confer on the issue of vacating default, and set a deadline for the parties to file either a stipulation vacating default or a letter from each side explaining why default should/should not be vacated. Text Order, D.E. 13, 14. On February 12, 2016, the parties provided a stipulation to the Court agreeing to vacate default and providing Defendants fourteen days from the date the stipulation was "so ordered" by the Court to file their answer. Joint Motion for Extension of Time to File Answer, D.E. 15. The Court so ordered and filed that stipulation on February 17, 2016. Stipulation and Order, D.E. 16. Defendants filed their answer on March 2, 2016. D.E. 17. However, due to an apparent clerk error, the default was never vacated. Having previously agreed to vacate default and having delayed the case herself, Plaintiff cannot now claim prejudice.

[4] Generally, a defendant's conduct is culpable where it results from "willfulness" or "bad faith." *Hritz v. Woma Corp.*, 732 F.2d 1178, 1182 (3d Cir. 1984). The defendant's negligent conduct is culpable only where the defendant acted in "'knowing' disregard [of] court-mandated procedures." *Id.* at 1183. This standard includes "acts intentionally designed to avoid compliance with court notices" as well as "[r]eckless disregard for repeated communications from plaintiffs and the court[.]" *Id.* In other words, "more than mere negligence" is required before a court may find that a defendant's conduct was culpable. *Id.*

Here, the Court cannot find that Defendants' conduct was in bad faith. Although Defendants did not timely respond to the Complaint, defense counsel entered an appearance on their behalf within a week of entry of default. Notice of Appearance, Dec. 23, 2015, D.E. 9. Defense counsel then tried to work informally with Plaintiff's counsel to vacate default and extend the time to answer, but when those efforts failed, he contacted the Court on February 3, 2016, seeking entry of an Order vacating default and setting a deadline by which to file an answer. Letter, Feb. 3, 2016, D.E. 12. Based on these facts, the Court cannot find that Defendants are culpable. Rather, the Court finds that these Defendants attempted to actively defend against the action, albeit in a belated manner. Thus, this factor weighs in favor of setting aside the Clerk's entry of default.

[5] Entry of default "should be a sanction of last, not first, resort, and courts should try to find some alternative." *Paris*, 2013 WL 4047638, at *5. Here, the record does not support the harsh sanction of entry of default; indeed, as set forth above, Defendants assert a meritorious defense, and did not default intentionally, or in bad faith.

**IT IS** on this 3rd day of April 2019,

**ORDERED** that Defendants' motion to set aside entry of default, D.E. 82, is **GRANTED**; and it is further

**ORDERED** that the answer filed by Defendants on March 2, 2016, D.E. 17, is deemed the operative answer in this matter.

.

*s/Michael A. Hammer*
**UNITED STATES MAGISTRATE JUDGE**